IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WESLEY E. GRISSOM                                                                    PLAINTIFF

       v.                Civil No. 6:07-cv-06024

MARK FRAISER, Chief Public
Defender; CLAY JANSKE,
Deputy Public Defender                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Wesley E. Grissom, currently an inmate in the Garland County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis.

### BACKGROUND

According to the allegations of the complaint, when Grissom was arraigned in the Eighteenth Judicial Court-East on November 28, 2006, Mark Fraiser, chief public defender, was appointed to represent him. Grissom contends he had a brief discussion with Fraiser that day.

Grissom states he wrote Fraiser on December 28, 2006, and again on January 3, 2007, without getting a response. Finally on January 17, 2007, Grissom received a letter from a secretary indicating his case had been assigned to deputy public defender, Clay Janske. Grissom then wrote Janske requesting information and providing him evidence that Grissom had collected.

From November 28, 2006, to March 20, 2007, Grissom states he received no communication from his court appointed counsel. Nevertheless he states he was ready to proceed to trial on March 28, 2007. Instead, without consulting him, Grissom states his attorney filed a motion for continuance.

Grissom maintains this conduct constitutes misrepresentation, cruel and unusual punishment, and denied him due process. As relief, he seeks compensatory and punitive damages against Fraiser

and Janske. Grissom also asks that Fraiser and Janske both be disbarred.

## DISCUSSION

To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, Grissom's claims that Fraiser and Janske failed to adequately represent him in his criminal proceedings do not state cognizable claims under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

## CONCLUSION

I recommend that this action be dismissed for failure to state a claim and because it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Grissom has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Grissom is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of May 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE